THIS was an action of trespass, quare clausum fre, git. Toe defendant pleaded tlie general issue, with leave to give any special matter in evidence.
The plaintiffobtained a verdict arid judgment, from which the defendant has prosecuted a writ of error to. this court.
2. In the progress of the trial in the cireuit court> attempts were made by each party to prove himself in actual possession of the place where the trespass was done at the time it was committed, and some pointy were made in that court which grew out of the evidence in relation to tire possession, hut we do not conceive it necessary either to detail the evidence upon that subject, or to notice the points which grew out of it, because, there is another point, which we apprehend, must be decisive of the controversy between the parties Caik. the patentee, had given his bond to convey to the plaintiff, who was his son in-law, a tract of land, including the place whereon the trespass was committed, and afterwards sold and conveyed by deed, duly executed, a tract, including the same place, to the defendant, who had notice of the bond from Calk to the plaintiff.
The circuit court, on the motion of the plaintiff, instructed the jury that if they believed that the, defies-. *61 áant purchased and obtained his deed from Calk, with full knowledge of the plaintiff’s bond, and that the plaintiff was in the actual possession, as well when the defendant obtained his deed as when the trespass vtas committed, they should disregard the deed of conveyanee to the defendant.
/vct,ial poss- ;sion of the, land under a jpe^atentee ;s a„ a. vnilable iiefenfe toaa trespass, Quaaredcm* suwjregii. ^tcumst<mc& 0r the plaintiff’s tawing ¿ted from* the patentee forthe same (yi^otice that the defendant was FuSSieSv°B patentee’s6 bond for a convej anee/ ^
3. This instruction is clearly erroneous. It is ev. ident, according to the case of Gilpin vs. Davis, 2 Bibb 416, that the deed from Calk to the defendant was not void, and that the legal title must have passed thereby to the defendant, notw ithstanding the know! edge which he had oí the bond held by the plaintiff up. on Calk. The bond at most could onlv vest the plain, tiff with an equitable title and it is the legal title only. which can be regarded by a court of law in a trial of tins sort. Nor could the actual possession of the plain tiff avail him any thing. It is true, that the sion alone was sufficient to have enabled him to maintain an action of trespass against a s1 ranger, but not against the defendant, who held the legal title; for it would be preposterous to suppose, that a person who lias the legal right to the possession, could.be guilty of a trespass by an entry upon the possession of one who had no such right, and if is therefore well settled, liberum tenementum, is an available defence to an ac tion of trespass, either under the general issue or as a special plea.
The judgment must be reversed with costs, and the cause be remanded for new proceedings, not inconsistent with the foregoing opinion.